

**5 PAGES**

PATRICK KAVANAGH
Bar No. 99829
**LAW OFFICES OF PATRICK KAVANAGH**
1331 "L" Street
Bakersfield, CA 93301
(661) 322-5553
Attorney for Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| In the Matter of | Case No. 10-14695-B-7K |
|---|---|
| SILVER AIR CONDITIONING & HEATING, INC., | DC-PK-3<br>Chapter 7 |
| Debtor. | MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY AT PUBLIC AUCTION |

DATE: June 3, 2010 (Pending order shortening time)
TIME: 10:00 A.M.
PLACE: 1300 – 18th Street, Dept. B
Bakersfield, CA 93301
JUDGE: W. RICHARD LEE

COMES NOW JEFFREY VETTER, Chapter 7 Trustee, through his attorney of record, PATRICK KAVANAGH, and moves this Court for an order authorizing trustee to sell personal property at public auction sale and respectfully represents as follows

1. SILVER AIR CONDITIONING & HEATING, INC., ("debtor") filed a voluntary petition under Chapter 7 on April 30, 2010. Jeffrey Vetter is the duly appointed, qualified and acting trustee in this bankruptcy case.

2. The assets to be sold are set forth in Exhibit "A" filed concurrently herewith.

-1-

3. The trustee seeks authority to sell said assets at public auction on or about October 17, 2009, under 11 U.S.C. §363(b)(1). This Court has jurisdiction under 28 U.S.C. §1334 and 11 U.S.C. §363. This is a core matter under 28 U.S.C. §157(b)(2)(A) and (N). The trustee believes that selling said assets at public auction will yield the best price obtainable for the assets under the circumstances of the Chapter 7 case filed by the debtor.

4. The assets are currently on the premises of the debtor. The trustee is informed and believes that the auction will be conducted at two locations in Bakersfield.

5. In order to expedite the sale of the assets, the trustee entered into an agreement with Jerry Gould of Gould Auction & Appraisal Company to advertise and manage the auction ("auctioneer").

6. According to the agreement between the trustee and the auctioneer, the fees for professional services rendered by Gould Auction & Appraisal Company are as follows:

    a. Auctioneer is to receive a commission of 15% (fifteen percent) on the gross proceeds from the sale.

    b. Buyer will be charged a $50.00 fee for each vehicle to cover Department of Motor Vehicle transfer of title expense. The $50.00 DMV fee will be paid directly to the auctioneer.

    c. Auctioneer's commission will be noticed in the Trustee's Notice of Hearing on Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction Sale, and creditors will be given the opportunity to object to said commission. If no objections are presented at the hearing, the auctioneer will be paid by the trustee from the proceeds of the sale within ten days of receipt of funds from the auctioneer.

    d. Auctioneer will be paid a maximum of $2,000.00 for picking up the miscellaneous personal property; however, auctioneer will bear the cost of all other ordinary expenses including, but not limited to,

security, advertising and other costs of sale. Additionally, auctioneer will receive $100.00 per vehicle for transporting the vehicles.

 e. Auctioneer will be reimbursed for any extraordinary expenses such as repair work deemed by the trustee to be necessary or beneficial to the estate in an amount up to but not to exceed $100.00 per vehicle. Auctioneer will be reimbursed for any extraordinary expenses in excess of $100.00 per vehicle only after court approval.

 f. Auctioneer will be responsible for collecting and paying all sales tax in relation to this auction.

 g. Trustee has reviewed the Auctioneer's $100,000.00 bond.

7. Trustee believes that the sale of the assets at a public auction sale is in the best interest of all parties concerned because (a) it allows the assets to be shown to a wide variety of potential buyers and (b) it allows the estate to find a buyer and complete the sale in a short period of time.

8. The details of the compensation of the auctioneer will be subject to the terms and conditions set forth in the Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction.

9. The trustee has personally inspected the California vehicle titles (pink slips) and with one exception which will be discussed *infra*, the estate has clear title.

10. There is one vehicle that is subject to a lien in favor of GMAC, a 2004 GMC Sierra truck. The trustee is in the process of getting a pay-off demand. If the winning bid is sufficient to pay off the vehicle and the costs of sale, the trustee will sell the vehicle. The lien to GMAC and the costs of sale will constitute a reserve for this one vehicle. The other vehicles will be sold without reserve.

11. Prior to filing this motion, the trustee conducted a Uniform Commercial Code (UCC) search. There was one UCC-1 that attached to the personal property

other than vehicles, there is a UCC lien in favor of the State of California, Employment Development Department. It is the trustee's understanding, information and belief that the approximate amount of the lien is $2,846.20 as set forth in the bankruptcy petition. The trustee, based on his discussion with the auctioneer, is confident that he can sell the property for an amount in excess of the lien.

12. There is a very short time period between the motion to approve the sale and the sale. The trustee wants to take advantage of an already scheduled sale. It is the opinion of the trustee and the auctioneer that a larger sale would produce a better result for this bankruptcy estate.

13. Likewise, the trustee believes that a sale at this auction, rather than at a future sale, is in the best interest of the bankruptcy estate. A later sale will allow the vehicles to sit idle. This will increase the probability of dead batteries and similar problems with vehicles which will produce both lower sales prices and higher repair costs. Additionally, there is the potential for damage or theft to the assets.

14. This sale differs from any other sale in that is being conducted in two parts in two places. The main sale will occur at the auctioneer's premises in Shafter. The remaining sale will be conducted on the premises of the business. The remaining sale will consist largely of metal inventory, particularly sheet metal inventory. The sheet metal will be expensive and dangerous to move. The value of the sheet metal is low, particularly in relation to the cost of moving. Lastly, the market for sheet metal is fairly limited. Under the circumstances, it is reasonable to conduct the sale in two places.

WHEREFORE, trustee prays that:

1. The Court grant this motion;

-4-

2. Trustee be authorized to sell the assets at public auction pursuant to the terms and conditions set forth in the Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction;

3. Trustee be authorized to pay Gould Auction & Appraisal Company from the proceeds received from the auction sale; and

4. For such other and further relief as the Court deems just and proper.

DATED: May 17, 2010

LAW OFFICES OF PATRICK KAVANAGH

By _____
PATRICK KAVANAGH
Attorney for Trustee

-5-